PROB 22
.5/04

| | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| **TRANSFER OF JURISDICTION** | 0755 2:06CR00201 |
| | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Nicole Matthews | Northern District Of Indiana | Hammond |

RECEIVED
OCT 12 2007
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

| NAME OF SENTENCING JUDGE |
|---|
| Honorable Judge James T. Moody |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 07/30/2007 | 07/29/2009 |

**OFFENSE**

Conspiracy to Commit Bank Fraud and Aiding and Abetting
Title: 18:371 and 2

JUDGE FILIP

07CR   696

MAGISTRATE JUDGE ASHMAN

FILED
10-23-07
OCT 23 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana

     IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ Northern District of Illinois _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

Oct. 5, 2007
_____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern _____ DISTRICT OF _____ Illinois

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

OCT 23 2007
_____
*Effective Date*

James F. Holderman
_____
*United States District Judge*

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CRIMINAL DOCKET FOR CASE #: 2:06-cr-00201-JTM-APR All
### Defendants
### Internal Use Only

Case title: United States of America v. Matthews

Date Filed: 10/19/2006
Date Terminated: 07/26/2007

Assigned to: Senior Judge James T
Moody
Referred to: Magistrate Judge
Andrew P Rodovich

## Defendant

**Nicole C Matthews (1)**
*TERMINATED: 07/26/2007*

represented by **Kerry C Connor - FCD**
Federal Community Defenders Inc -
Ham/IN
Northern District of Indiana
31 Sibley Street
Hammond, IN 46320
219-937-8020
Fax: 219-937-8021
Email: kerry_connor@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause
STEPHEN R. LUDWIG, CLERK
By
DEPUTY CLERK
Date: 11-6-07

## Pending Counts

18:371 AND 18:2(a)
CONSPIRACY TO COMMIT
WIRE AND BANK FRAUD
AGAINST THE UNITED STATES;
AIDING AND ABETTING
(1)

## Disposition

The defendant is placed on
probation for a term of 2 years.
Restitution to Chase Bank in the
amount of $5,827.22 payable to the
Clerk for transfer to the Chase Bank.
Special Assessment $100.00

## Highest Offense Level (Opening)

Case 1:07-cr-00696   Document 2   Filed 10/23/2007   Page 3 of 21

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1343 AND 18:2(a) FRAUD BY WIRE, RADIO, OR TELEVISION; AIDING AND ABETTING (2) | Dismissed on government motion. |
| 18:1344 AND 18:2(a) BANK FRAUD; AIDING AND ABETTING (3) | Dismissed on government motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| **United States of America** | represented by | **Clarence Butler - AUSA, Jr** |
| --- | --- | --- |

US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5659
Fax: 219-852-2770
Email: USAINN.ECFCivil@usdoj.gov
*TERMINATED: 07/26/2007*
*LEAD ATTORNEY*

**Daniel L Bella - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2770
Email: daniel.bella@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Case 1:07-cr-00096 Document 2 Filed 10/23/2007 Page 4 of 21

| Date Filed | # | Docket Text |
|---|---|---|
| 10/19/2006 | 1 | INDICTMENT as to Nicole C Matthews (1) count(s) 1, 2, 3. (rmn) (Entered: 10/19/2006) |
| 10/19/2006 | 2 | ARREST Warrant Issued in case as to Nicole C Matthews. (rmn) (Entered: 10/19/2006) |
| 02/06/2007 | | Judge update in case as to Nicole C Matthews. Judge Andrew P Rodovich added. (plm) (Entered: 02/07/2007) |
| 02/06/2007 | | Arrest of Nicole C Matthews (plm) (Entered: 02/07/2007) |
| 02/06/2007 | 3 | INITIAL APPEARANCE as to Nicole C Matthews held on 2/6/2007 before Judge Andrew P Rodovich. Govt appeared by AUSA Bernard Van Wormer. Dft appeared w/o Atty. Jerry Navarra appeared on behalf of U S Probation/Pretrial Services. Dft advised of constitutional rights, charges, penalties. Dft requests court-appointed counsel. Dft sworn re financial status. Request GRANTED. Clerk to notify Federal Public Defender's Office to appoint counsel. Bond set in the amount of $20,000.00 unsecured w/supervision. Dft advised of statutory penalties for offenses committed on bond. Arraignment set for 2/12/2007 09:30 AM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED.(Digitally Recorded.) (plm) (Entered: 02/07/2007) |
| 02/06/2007 | 4 | Appearance Bond Entered as to Nicole C Matthews in amount of $ 20,000.00. (plm) (Entered: 02/07/2007) |
| 02/06/2007 | 5 | ORDER Setting Conditions of Release as to (1) Nicole Matthews. Signed by Judge Andrew P Rodovich on 2/6/07. (plm) (Entered: 02/07/2007) |
| 02/07/2007 | 6 | Arrest Warrant Returned Executed on 2/6/07 in case as to Nicole C Matthews. (sda) (Entered: 02/07/2007) |
| 02/09/2007 | 7 | ATTORNEY APPEARANCE: Kerry C Connor - FCD appearing for Nicole C Matthews (Connor - FCD, Kerry) (Entered: 02/09/2007) |
| 02/12/2007 | 8 | ARRAIGNMENT as to Nicole C Matthews (1) Count 1,2,3 held on 2/12/2007 before Judge Andrew P Rodovich. Govt appeared by AUSA Dean Lanter. Dft appeared with atty Kerry Connor. Dft waives reading of Indictment and pleads NOT GUILTY to all counts. Arraignment order attached to this |

| | | |
|---|---|---|
| | | minute setting forth deadlines/hearings. Pretrial Motions due by 3/12/2007. Jury Trial (2nd setting) set for 4/16/2007 09:00 AM in Hammond before Senior Judge James T Moody. Final Pretrial Conference set for 3/29/2007 02:00 PM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED. (Digitally Recorded.) (plm) (Entered: 02/12/2007) |
| 03/27/2007 | 9 | NOTICE OF HEARING as to Nicole C Matthews regarding 8: Final Pretrial Conference reset for 4/5/2007 01:30 PM in Hammond before Magistrate Judge Andrew P Rodovich. PLEASE NOTE: Previous setting of 03/29/2007 is VACATED by agreement of the parties. (plm) (Entered: 03/27/2007) |
| 03/27/2007 | 10 | ATTORNEY APPEARANCE Daniel L Bella - AUSA appearing for USA. (Bella - AUSA, Daniel) (Entered: 03/27/2007) |
| 04/05/2007 | 11 | NOTICE OF HEARING as to Nicole C Matthews: Change of Plea Hearing set for 4/26/2007 at 10:00 AM in Hammond before Senior Judge James T Moody. (efc) (Entered: 04/05/2007) |
| 04/05/2007 | 12 | NOTICE re [9]. Final Pretrial Conference set for 04/05/2007 is VACATED. Parties inform court that a plea agreement has been reached. Change of plea hearing will be set before District Court. (plm) (Entered: 04/06/2007) |
| 04/05/2007 | | Terminate Deadlines and Hearings as to Nicole C Matthews: Final pretrial conference on 4/5/2007. (plm) (Entered: 04/06/2007) |
| 04/06/2007 | 13 | PLEA AGREEMENT as to Nicole C Matthews (Bella - AUSA, Daniel) (Entered: 04/06/2007) |
| 04/11/2007 | 14 | NOTICE vacating the jury trial scheduled for 4/16/07 (efc) (Entered: 04/11/2007) |
| 04/11/2007 | | Terminate Deadlines and Hearings as to Nicole C Matthews: jury trial scheduled for 4/16/07. (efc) (Entered: 04/11/2007) |
| 04/13/2007 | 15 | MOTION to Withdraw as Attorney by Clarence Butler, Jr. by United States of America as to Nicole C Matthews. (Butler - AUSA, Clarence) (Entered: 04/13/2007) |
| 04/26/2007 | 16 | CHANGE OF PLEA HEARING as to Nicole C Matthews held on 4/26/2007 before Judge James T Moody. Govt |

|  |  |  | appeared by atty Dan Bella. Dft appeared by atty Kerry Connor. Laura Daniels appeared on behalf of U S Probation/Pretrial Services. Plea entered by Nicole C Matthews (1) Guilty as to Count 1; The Court accepts the guilty plea and the defendant is adjudged guilty of the offense charged in Count 1 of the Indictment. This matter is referred to the U.S. Probation Office to prepare the Presentence Investigation Report. The Court delays its decision on acceptance/rejection of the plea agreement until sentencing. Counts to be dismissed at sentencing: Count 2,3. Sentencing set for 7/26/2007 at 9:30 AM in Hammond before Senior Judge James T Moody. (Court Reporter Gay Dall) (efc) (Entered: 04/27/2007) |
|---|---|---|---|
| 07/10/2007 | ●17 | | NOTICE OF HEARING as to Nicole C Matthews: Sentencing reset for 7/26/2007 at 10:15 AM in Hammond before Senior Judge James T Moody. (efc) (Entered: 07/10/2007) |
| 07/26/2007 | ●18 | | MOTION to Dismiss by United States of America as to Nicole C Matthews. (Bella - AUSA, Daniel) (Entered: 07/26/2007) |
| 07/26/2007 | ●19 | | SENTENCING held on 7/26/2007 for Nicole C Matthews (1) before Judge James T Moody. Govt appeared by atty Dan Bella. Dft appeared by atty Kerry Connor. Laura Daniels appeared on behalf of U S Probation/Pretrial Services. The Court accepts the plea agreement. Count(s) 1: The defendant is placed on probation for a term of 2 years under the 15 standard and additional special conditions of Supervision. The defendant is ordered to pay Restitution to Chase Bank in the amount of $5,827.22 payable to the Clerk for transfer to Chase Bank. Special Assessment $100.00; Count(s) 2, 3: Dismissed on government motion. (Court Reporter Gay Dall) (efc) (Entered: 07/26/2007) |
| 07/26/2007 | ●20 | | ORDER FOR DISMISSAL of Counts 2 and 3 of the Indictment pursuant to FRCrimP 48(a) granting 18 Motion to Dismiss as to Nicole C Matthews (1). Signed by Judge James T Moody on 7/26/07. (efc) (Entered: 07/26/2007) |
| 07/26/2007 | ●21 | | JUDGMENT as to Nicole C Matthews (1). Signed by Judge James T Moody on 7/26/07. (efc) (Entered: 07/27/2007) |
| 10/05/2007 | ●22 | | ORDER TO TRANSFER JURISDICTION as to Nicole C Matthews to the Northern District of Illinois. Signed by Judge James T Moody on 10/5/2007 awaiting signature of accepting judicial officer. (original to USPO) (rmn) (Entered: 10/05/2007) |

| 11/05/2007 | ● <u>23</u> | Probation Jurisdiction Transferred to Northern District of Illinois as to Nicole C Matthews. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (sda) (Entered: 11/06/2007) |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

FILED

05 OCT 19 PH 1:31

2:06CR201 JM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO: |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1343 |
| NICOLE C. MATTHEWS | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 2(a) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

From in or about at least March 2004 through and continuing into at least September 2004, the exact dates being unknown to the Grand Jury, in the Northern District of Indiana, and elsewhere,

**NICOLE C. MATTHEWS,**

defendant herein, unlawfully, willfully and knowingly did combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to commit wire and bank fraud against the United States by the following means:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 11/6/07

1

## OBJECT OF THE CONSPIRACY

**INTRODUCTION**

1. Bank One was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2. Bank One was a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC").

3. The defendant, Nicole C. Matthews, had a checking account at Bank One located in the State of Illinois. Furthermore, Nicole C. Matthews had a Bank One debit card for this account.

4. Horseshoe Casino was a gambling casino located in Hammond, Indiana.

5. Global Payments was a business based in Atlanta, Georgia and was engaged in interstate commerce. Global Payments processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6. All processing and clearing of electronic fund transfers by Global Payments, which were done for Horseshoe Casino, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana and across various state boundary lines.

7. As part of the routine course of business at Horseshoe Casino, individuals wishing to gamble could obtain a cash advance on either their credit card or through a debit to their bank debit card.

8. To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

9. To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

2

10.  With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (e.g., requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Georgia by interstate wire to Global Payments. Global Payments would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Payments would either approve or disapprove the request. This approval or denial was then wired back to the Horseshoe Casino located in the State of Indiana.

11.  If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed by the Casino and the funds were given to the individual.

**B.    PURPOSE OF THE SCHEME AND ARTIFICE**

12.  In or about March 2004, the defendant devised and intended to devise a scheme and artifice to attempt to defraud Bank One and Horseshoe Casino by obtaining and attempting to obtain money and funds of Bank One and Horseshoe Casino that the defendant was not legally entitled to receive.

3

**C.    THE SCHEME AND ARTIFICE**

OVERT ACTS

As part of this scheme and artifice, Nicole C. Matthews, did:

13.    Knowingly plan to deposit into her Bank One account in Chicago, Illinois a fraudulent check and attempt to take a cash advance on that check prior to the discovery by Bank One, or Horseshoe Casino that, in fact, the check deposited into the account was fraudulent.

14.    On or about March 30, 2004, March 31, 2004 and September 14, 2004, Nicole C. Matthews, did cause to be deposited into her Bank One checking account checks in the approximate amounts of $2,200, $3,900 and $3,800 which were fraudulent.  The purpose of the deposit was to fraudulently inflate the available account balance so that a cash advance could be taken against the amount.

15.    That on or about April 1, 2004, Nicole C. Matthews did travel to the Horseshoe Casino in Hammond, Indiana and attempt to use the funds from this fraudulent deposit.

16.    That Nicole C. Matthews did execute the scheme by fraudulently conducting a cash advance at the Horseshoe Casino in the amount of $2,800 relative to the Bank One account.

4

**D.    THE (WIRE) COMMUNICATION**

On or about April 1, 2004, in the Northern District of Indiana,

### NICOLE C. MATTHEWS

the defendant herein, for the purpose of executing the above-described scheme and attempting to do

so, did knowingly cause to be transmitted in interstate commerce from Horseshoe Casino located in

Hammond, Indiana, to Global Payments, in Atlanta, Georgia, by means of a wire communication,

certain signals, that is, electronic data and information, which was necessary to complete a $2,800

cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 371 and 2(a).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2

From on or about March 30, 2004 through September 14, 2004, in the Northern District of

Indiana,

### NICOLE C. MATTHEWS

the defendant herein, for the purpose of executing the above-described scheme and attempting to do

so, did knowingly cause to be transmitted in interstate commerce from Horseshoe Casino located in

Hammond, Indiana, to Global Payments, in Atlanta, Georgia, by means of a wire communication,

certain signals, that is, electronic data and information, which was necessary to complete a $2,800

cash back debit card transaction;

6

case 2:06-cr-00201-JTM-APR    document 1    filed 10/19/2006    page 7 of 11

## OBJECT OF THE CONSPIRACY

### INTRODUCTION

1.  Bank One was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2.  Bank One was a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC").

3.  The defendant, Nicole C. Matthews, had a checking account at Bank One located in the State of Illinois. Furthermore, Nicole C. Matthews had a Bank One debit card for this account.

4.  Horseshoe Casino was a gambling casino located in Hammond, Indiana.

5.  Global Payments was a business based in Atlanta, Georgia and was engaged in interstate commerce. Global Payments processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6.  All processing and clearing of electronic fund transfers by Global Payments, which were done for Horseshoe Casino, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana and across various state boundary lines.

7.  As part of the routine course of business at Horseshoe Casino, individuals wishing to gamble could obtain a cash advance on either their credit card or through a debit to their bank debit card.

8.  To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

9.  To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

7

10.    With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (e.g., requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Georgia by interstate wire to Global Payments. Global Payments would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Payments would either approve or disapprove the request. This approval or denial was then wired back to the Horseshoe Casino located in the State of Indiana.

11.    If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed by the Casino and the funds were given to the individual.

**B.      PURPOSE OF THE SCHEME AND ARTIFICE**

12.    In or about March 2004, the defendant devised and intended to devise a scheme and artifice to attempt to defraud Bank One and Horseshoe Casino by obtaining and attempting to obtain money and funds of Bank One and Horseshoe Casino that the defendant was not legally entitled to receive.

8

**C.    THE SCHEME AND ARTIFICE**

OVERT ACTS

As part of this scheme and artifice, Nicole C. Matthews, did:

13.    Knowingly plan to deposit into her Bank One account in Chicago, Illinois fraudulent check and attempt to take a cash advance on the check  prior to the discovery by Bank One, or Horseshoe Casino that, in fact, the check deposited into the account were fraudulent.

14.    On or about March 30, 2004, March 31, 2004 and September 14, 2004, Nicole C. Matthews, did cause to be deposited into her Bank One checking account checks in the amounts of $2,200, $3,900 and $3,800 which were fraudulent.  The purpose of this deposit was to fraudulently inflate the available account balance so that a cash advance could be taken against this amount.

15.    That on or about April 1, 2004, Nicole C. Matthews did travel to the Horseshoe Casino in Hammond, Indiana and attempt to use the funds from this fraudulent deposit.

16.    That Nicole C. Matthews did execute the scheme by fraudulently conducting a cash advance at the Horseshoe Casino in the amount of $2,800 relative to the Bank One account.

**D.      THE (WIRE) COMMUNICATION**

On or about April 1, 2004, in the Northern District of Indiana,

### NICOLE C. MATTHEWS

the defendant herein, for the purpose of executing the above-described scheme and attempting to do

so, did knowingly cause to be transmitted in interstate commerce from Horseshoe Casino located in

Hammond, Indiana, to Global Payments, in Atlanta, Georgia, by means of a wire communication,

certain signals, that is, electronic data and information, which was necessary to complete a $2,800

cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

10

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 3**

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 16 of Count One of this indictment.

2.    On or about April 1, 2004, in the Northern District of Indiana,

**NICOLE C. MATTHEWS**

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly use a Bank One debit card to attempt to engage in the fraudulent withdrawal of $2,800 from Bank One, a financial institution insured by the Federal Deposit Insurance Corporation (FDIC);

All in violation of Title 18, United States Code, Section 1344 and 2(a).

A TRUE BILL:

s/ Foreperson
FOREPERSON

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By:    s/ CLARENCE BUTLER, JR.
Clarence Butler, Jr.
Assistant United States Attorney

11

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on
or After November 1, 1987)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.  2:06 CR 201 |
| | ) | USM No.:  09146-027 |
| NICOLE C. MATTHEWS, | ) | |
| Defendant | ) | Kerry C. Connor, |
| | | Attorney for Defendant |

**THE DEFENDANT** pleaded guilty to Count 1 of the Indictment.  Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No. |
|---|---|---|---|
| Title 18, § 371 | Conspiracy to Commit Bank Fraud | September of 2004 | 1 |

Defendant is sentenced as provided in pages 2, 3 and 4 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2 and 3 are **DISMISSED** on Motion of the United States

**IT IS FURTHER ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, mailing address, or material change in the defendant's economic circumstances until the restitution and special assessment imposed by this judgment are fully paid.

July 26, 2007
Date of Imposition of Judgment

/S/ James T. Moody
James T. Moody, Judge
United States District Court

July 26, 2007
Date Signed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK

By:
DEPUTY CLERK

Date: 11/6/07

**Defendant: Nicole C. Matthews**                    **Judgment - Page 2**
**Cause No.: 2:06 CR 201**

## PROBATION

The defendant is hereby sentenced to probation for a term of Two (2) years.

### CONDITIONS OF SUPERVISION

While the defendant is on probation, the defendant shall not commit another federal, state or local crime, shall not unlawfully possess a controlled substance, shall refrain from any unlawful use of a controlled substance, shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the probation officer, and shall comply with the following standard conditions previously adopted by this Court:

1)   The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or Probation Officer;

2)   The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month;

3)   The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer;

4)   The defendant shall support her dependents and meet other family responsibilities;

5)   The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training, or other acceptable reasons;

6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer;

10)  The defendant shall permit a Probation Officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the Probation Officer;

11)  The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**Defendant: Nicole C. Matthews**                    **Judgment - Page 3**
**Cause No.: 2:06 CR 201**

13)  As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14)  The defendant shall pay the restitution and special assessment imposed; and

15)  The defendant shall notify the probation officer of any material change in her economic circumstances that might affect her ability to pay any unpaid restitution and special assessment.

In addition, the defendant shall comply with the following special conditions:

1)  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

2)  The defendant shall pay the restitution that is imposed by this judgment in accordance with the court ordered payment of the restitution;

3)  The defendant shall provide the probation officer with access to any requested financial information; and

4)  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the court ordered payment of the restitution.

### FINE
The Court is imposing no fine because of defendant's inability to pay.

### SPECIAL ASSESSMENT
The defendant must pay to the United States a special assessment of $100.00, which shall be paid in full immediately to the Clerk of this Court.

### RESTITUTION
It is further ordered that the defendant shall make restitution to Chase Bank in the amount of $5,827.22. The restitution shall be paid in full immediately. Payment shall be made to the Clerk of the court for transfer to Chase Bank.